WILLIAM F. AUGUSTINE, as Administrator of the Estate of JOHN B. AUGUSTINE, Deceased, Appellant, v. TOWN OF BRANT, Respondent, Impleaded with Others.

(Argued October 18, 1928; decided November 20, 1928.)

*Dana L. Spring* for appellant. The town is liable for its negligent acts the same as a private corporation. (*Van Dyke* v. *Utica,* 203 App. Div. 26; *Edinger* v. *City of Buffalo,* 155 App. Div. 944; 213 N. Y. 674; *Markey* v. *County of Queens,* 154 N. Y. 675; *Lorillard* v. *Town of Monroe,* 11 N. Y. 392; *Brothers* v. *Town of Leon,* 198 App. Div. 144; *Oaks Mfg. Co.* v. *New York,* 206 N. Y. 221; *Herman* v. *Board of Education,* 234 N. Y. 196; *Bigelow* v. *Inhabitants of Randolph,* 80 Mass. 541; *Woodward* v. *Water District,* 116 Maine, 86; *Rhobidas* v. *Concord,* 70 N. H. 90; *Sniverly* v. *Washington Township,* 218 Penn. St. 249.) The fact that a town meeting was not held before the park was established does not affect the right of the plaintiff to recover in this action. (*Hannon* v. *Siegel-Cooper Co.,* 167 N. Y. 244; *Bissell* v. *M. S. R. R. Co.,* 22 N. Y. 258; *Jewhurst* v. *City of Syracuse,* 108 N. Y. 303; *Sewell* v. *City of Cohoes,* 75 N. Y. 45; *Ivory* v. *Town of Deer Park,* 116 N. Y. 476; *Stoddard* v. *Saratoga Springs,* 127 N. Y. 261; *Munk* v. *City of Watertown,* 67 Hun, 261; *Nims* v. *City of Troy,* 59 N. Y. 500; *Salt Lake City* v. *Hollister.* 118 U. S. 256; *Langley* v. *Augusta,* 118 Ga. 500; *New York City* v. *Sheffield,* 4 Wall. [U. S.] 189;

*Everson* v. *City of Syracuse*, 100 N. Y. 577; *Teall* v. *City of Syracuse*, 120 N. Y. 184.)

*Willard H. Ticknor* for respondent. The townships of this State are political and civil subdivisions thereof, and are immune from actions unless authorized by constitutional or statutory enactment. (*Lorillard* v. *Town of Monroe*, 11 N. Y. 392; *People ex rel. Van Keuren* v. *Board of Town Auditors*, 74 N. Y. 310; *Markey* v. *County of Queens*, 154 N. Y. 675; *Smith* v. *State of New York*, 227 N. Y 405.) Public parks are established and maintained to give those who visit them an opportunity to breathe unpolluted air, enjoy the benefits of sunshine and recreation and thus improve and preserve health. Municipalities should not be held liable for providing park accommodations at public expense. (*Schloendorff* v. *New York Hospital*, 211 N. Y. 125; *People ex rel. Society of N. Y. Hospital* v. *Purdy*, 58 Hun, 386; 126 N. Y. 679.) The powers of towns and of town officials are limited and defined by statutes under which they are created. The statute authorizing the establishment of town parks was wholly ignored. The signing of the lease, expending money and the employment of caretakers were unlawful and the defendant was in no way bound thereby. (*Acme Road Machinery Co.* v. *Town of Bridgewater*, 185 N. Y. 1; *People ex rel. Morey* v. *Town Board of Oyster Bay*, 175 N. Y. 394; *Brown* v. *Ward*, 246 N. Y. 400.) A municipality cannot be rendered liable in actions on tort or otherwise by reason of unlawful acts of its officers or agents. The principle of estoppel or ratification cannot be invoked to legalize unlawful proceedings. (*Wells* v. *Town of Salina*, 119 N. Y. 280; *Brown* v. *Wood*, 246 N. Y. 400; *La France Fire Engine Co.* v. *City of Syracuse*, 33 Misc. Rep. 516; *Delafield* v. *State of Illinois*, 2 Hill, 159; 26 Wend. 192; *Everson* v. *City of Syracuse*, 100 N. Y. 577; *Smith* v. *City of Newburgh*, 77 N. Y. 130; *Brady* v. *Mayor of New York*, 20 N. Y. 312; *City of New York* v. *Farrelly*, 222 N. Y. 138.)

POUND, J.   This is an action brought by the plaintiff against the town of Brant, Erie county, to recover damages for the death of his intestate by drowning by reason of the negligent act of defendant in maintaining a public park and bathing beach on the shore of Lake Erie without giving warning of its dangerous character and without providing proper means of protecting the safety of the bathers.   The question is as to the liability of the town, as town, not as to the negligence of its servants and agents or as to the freedom of the deceased from contributory negligence.   It is contended that the town is not liable (a) because maintenance of the park was an *ultra vires* act; and (b) because the maintenance of town parks according to law is the exercise of a governmental function.

The authority of a town to acquire lands for the purpose of establishing thereon a public park or playground and to equip the same with suitable buildings, structures and apparatus is contained in Town Law (Cons. Laws, ch. 62), art. 17-A.   The town board may establish public parks and play-grounds " when authorized by a special meeting of the taxpayers therein." (§ 342.)   No vote was had on the question whether the town board should be authorized to purchase the land in question for park purposes or to equip the same as provided in the Town Law.   The town board leased the land without authority.   But the town in fact holds a long term lease or leases of the park or pleasure grounds.   " The town board is authorized to provide for the care and maintenance of such parks and playgrounds and for the improvement thereof, and the cost thereof shall be a town charge." (Town Law, § 346.)   " Such parks and playgrounds shall be under the care and control of the town board, and the town board may adopt * * * rules and regulations for the use of such public parks and playgrounds." (Town Law, § 347.)   The town board had for some eleven years maintained the place as a public park.   It had

constructed bath houses. It had fixed a charge for out-of-town people of fifty cents for each automobile entering the park.

The Appellate Division has held that because the land was not acquired under the provisions of the Town Law cited above, the town was not maintaining the park and was not liable for the negligence of the town board in relation thereto.

The want of original authority to establish the park is not to be received as conclusive evidence that the town did not maintain it. Municipal corporations are not wholly exempt from liability for wrongful acts done with all the evidences of being acts of the corporation to the injury of others. (*Salt Lake City* v. *Hollister*, 118 U. S. 256; *Stoddard* v. *Village of Saratoga Springs*, 127 N. Y. 261.) The town had the power, under the provisions of the Town Law, to establish a park. It held itself out to the public, through the action of the town board, as maintaining one. Plaintiff's intestate came there as one of the public in good faith and with no means of protecting himself by scrutinizing the corporate powers of the town and the manner in which they had been exercised. By what good reason may the town avail itself of the defense of *ultra vires?* It is said that public officers are without power to contract except as directed by statute. (*Wells* v. *Town of Salina*, 119 N. Y. 280; *Brown* v. *Ward*, 246 N. Y. 400.) When one contracts with a municipal corporation he must examine the public law and determine for himself the powers conferred upon it. He deals on terms of equality with the municipality. A pleasure seeker cannot be expected to examine the law and the proceedings of the town board thereunder before he avails himself of the privileges held out to him. The distinction between contract liability and tort liability may readily be made.

If the negligent acts are *ultra vires* in such a sense as to be wholly without the scope of the corporate powers of the

municipality, the municipality is not answerable for the consequences resulting from them, although the persons causing the work to be done were its officers and agents, and assuming to act as such in doing it. (*Mayor, etc., of Albany* v. *Cunliff*, 2 N. Y. 165; *Stoddard* v. *Village of Saratoga Springs, supra.*) But *ultra vires* is not in all times and places a defense to tort actions against a municipality. Otherwise a municipal corporation could never be held liable in tort, for no municipal corporation is authorized to do wrongful acts. It was legitimately within the corporate power of defendant to establish and maintain parks in accordance with the statute. It went beyond its powers in acquiring and equipping the park lands but it was not wholly without its powers in maintaining them after they had been acquired. They might have been acquired by gift or by dedication. Could it be argued that lands thus acquired could not be maintained by the town? A narrow and literal construction of the statute might limit the right to maintain parks and playgrounds to " such parks and playgrounds " as had been acquired pursuant to the statute but we have no difficulty in reaching the conclusion that irregularity in acquiring title should not relieve the town from its duty of using due care in the management of the park. It is of no concern to the public how the lands were acquired so long as the town was exercising its corporate functions in maintaining them. No just view of municipal exemption from the consequence of unauthorized and wrongful acts of the governing body should exempt the town from liability in this case. (*Speir* v. *City of Brooklyn*, 139 N. Y. 6, 13.)

Was the act of the town in maintaining the park done in the discharge of a governmental duty? Did the town, in maintaining the park, act as the agent of the State for the benefit of the people of the State so that the rule of non-liability for negligence may be applied? Or did it perform mere quasi-private duties

for the peculiar advantage of the municipality and its inhabitants in the discharge of which it is held responsible for its negligent acts? Is the power governmental and public, or proprietary and private? The distinction is pointed out in *Wilcox* v. *City of Rochester* (190 N. Y. 137) and like cases. The proper application of the test may at times be difficult. The authorities elsewhere are conflicting. (McQuillan on Municipal Corporations [2d ed.], § 2850; Borchard, Government Liability in Tort, 34 Yale Law Journal, 229, 239. See, also, *Warden* v. *City of Grafton*, 99 W. Va. 249; 128 S. E. Rep. 375; 42 A. L. R. 375 and note; *Hannon* v. *City of Waterbury*, 106 Conn. 13; *Burton* v. *Salt Lake City*, 69 Utah, ——; 253 Pac. Rep. 443; 51 A. L. R. 364 and note.) It has, however, been applied by this court in a similar case. In *Edinger* v. *City of Buffalo* (213 N. Y. 674) it was held that an action would lie against the city of Buffalo for negligence in the maintenance of a municipal playground established under a permissive statute. The unreported opinion of LAMBERT, J., at Special Term stated the ground of liability. He concluded that the establishment of municipal playgrounds is in no sense a governmental function. The establishment of town parks and playgrounds stands on the same footing. They are established for the pleasure and convenience of such towns as see fit to avail themselves of the legislative permission. We can draw no satisfactory distinction between a town park or playground and a city playground. The establishment of town parks is not a public duty imposed upon the town and the town does not act as an agent of the State when it avails itself of the privilege of maintaining them.

Public duties properly styled governmental in character include, among others, the functions of fire and police protection, the protection of health and the administration of public charities. Within this field the rule of non-liability prevails. Towns and counties have been

held to be merely divisions of the State organized for the convenient exercise of portions of the political power of the State (*Lorillard* v. *Town of Monroe*, 11 N. Y. 392), and as such exempt from liability for the negligent exercise of such power. A distinction has been drawn for this reason between the liability of counties and towns and the liability of cities for highway negligence. In the absence of a specific statute, it has been decided that such distinction has not been abrogated by general provisions of the County Law (Cons. Laws, ch. 11, §§ 3, 4) and the Town Law (§§ 2, 11) declaring a county or a town " a municipal corporation " and providing that an action " for any liability of the town for any act or omission of its town officers, shall be in the name of the town." (*Markey* v. *County of Queens*, 154 N. Y. 675.) The distinction rests on the difference between the exercise by the town of political powers and the exercise by the city of powers assumed by or imposed upon it which are " more immediately performed in the interest of the corporation itself." (*Missano* v. *Mayor*, etc., 160 N. Y. 123, 128.) When the town assumes the authority to own and maintain parks, it goes outside the political power of a local subdivision of the State to engage in a *quasi* private undertaking. No substantial difference exists between towns and cities as to the theory of corporate liability for negligence in this regard. The distinction is stated by GRAY, J., in *Markey* v. *County of Queens* (*supra*, p. 687), as follows: " I do not think it is consonant with the reason of the rule of law, which concedes to the sovereign power in government an exemption from liability, that a private individual may have a right of action against those who have but exercised a lawful power which was vested in them by the legislative body for the public convenience and welfare *and not for any private benefit of the corporate body.*"

The modern tendency is against the rule of non-liability. (Borchard, Government Liability in Tort,

*supra,* p. 258.) Liability for highway negligence has been imposed by statute upon towns (Highway Law [Cons. Laws, ch. 25], § 75) and counties (County Law, § 6).

The establishment of a town park may incidentally benefit the public health but that fact does not make the acts of the town in maintaining the park the exercise of a governmental function. (*Missano* v. *Mayor, etc., supra,* p. 129.)

A wise public policy forbids us to recognize the town of Brant as acting as a sovereign when it maintains its park. It acts as a legal individual voluntarily assuming a duty, not imposed upon it, for the benefit of a locality rather than the general public. When it assumes such a duty it also assumes the burdens incident thereto.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.