In the Matter of the Application of FRANCES L. LANGLEY for an Order of Mandamus.

Supreme Court, Niagara County, December 8, 1928.

*Nicholson, Hunt & Carrie* [*Frank S. Nicholson* of counsel], for the petitioner.

*George W. Knox, Corporation Counsel,* for the defendants.

PIERCE, J. This is an application for a peremptory order of mandamus requiring the defendants to remove certain specified news stands from the streets of the city of Niagara Falls.

It appears that several news stands have been erected and are maintained under a resolution of the proper municipal authorities, for each of which stands a fee of twenty-five dollars is paid to and accepted by the defendant city. The application is for the removal of two of these news stands as distinguished from the other, and the authority for the order is based upon a ruling in the case

of *People ex rel. Hofeller* v. *Buck* (110 Misc. 402; affd., 193 App. Div. 262; affd., 230 N. Y. 608). There was no authority claimed in the *Hofeller* case. In this case the stands are located pursuant to authority claimed to have been given by a resolution and order of the common council of the city of Niagara Falls. Since the decision in the *Hofeller* case the Constitution of the State of New York has been changed (Art. XII), which became effective January 1, 1924, and which was recognized and carried into effect by the City Home Rule Law (Laws of 1924, chap. 363), which gives to the local authorities much of the authority which was theretofore lodged in the State Legislature.

" Innumerable matters of detail that affect the fortunes of munici-. palities — the salaries of officers,' the cost of necessary improvements, the methods and agencies and instruments for the attainment of corporate ends,— these things and many others may be regulated to-day by the municipalities themselves. We make no attempt to mark the limits with precision."

The establishment, care and supervision over the streets of the city of Niagara Falls vested in the council and other city officials under its charter granted by the Legislature. Article 12 of the Constitution, within certain limits, gives to the common council the same power and authority over streets and highways which the Legislature heretofore possessed, and where the right to use the streets in any particular manner (not detrimental to the abutting property owners) has been granted by the Legislature or the common council, such right cannot be declared by the courts to be unlawful. (*Matter of McCoy* v. *Apgar*, 241 N. Y. 71.)

The petitioner has not shown a clear, legal right to the relief demanded. Motion for an order of mandamus is denied.