DAISY WHITTAKER, Appellant, *v.* VILLAGE OF FRANKLIN-VILLE, Respondent.

COY WHITTAKER, Appellant, *v.* VILLAGE OF FRANKLIN-VILLE, Respondent.

(Argued May 29, 1934; decided July 3, 1934.)

*Alfred M. Saperston, Daniel N. McNaughtan* and *Samuel Blinkoff* for appellants.

*James S. Pierce* for respondent.

HUBBS, J.   On the night of July 3, 1931, certain residents of the defendant village assembled in a small park in the village to inaugurate a Fourth of July celebration by the use of a bonfire, fireworks and the firing off of a home-made cannon.   The appellant Daisy Whittaker, while in an automobile on an adjoining street was seriously injured by being struck by a piece of the cannon which burst when fired off.   Separate actions were brought by her and her husband to recover damages growing out of the injury suffered.   The actions were tried together.

The learned trial justice submitted to the jury the questions of negligence and nuisance.   The jury was justified in finding that like celebrations had been held for several years with the knowledge of the members of the village Board of Trustees, and that on one occasion, an anvil which was being fired burst but without injuring any one.

On the night in question, village police were present and one member of the Board of Trustees.   The village had not given a written permit or express license authorizing the use of fireworks.

The jury found a verdict in favor of the plaintiff in each action.   The trial court set aside the verdicts on the ground that the village was not liable for negligence or in failing to suppress or prevent a nuisance.   The judgments entered upon the order of the trial court have been affirmed by the Appellate Division.

In considering the questions here involved, it is necessary to have in mind the nature of municipal corporations, the capacities in which they function and the nature of and limitations upon their liability for negligence as well as for nuisance.

Municipal corporations are creatures of the State and have only such powers and authority as is conferred upon them by the Legislature and powers reasonably incident thereto. (*Hodges* v. *City of Buffalo*, 2 Den. 110; *Halstead* v. *Mayor*, 3 N. Y. 430.) The Legislature has primarily the control of the highways of the State. (*Bradley* v. *Degnon Contracting Co.*, 224 N. Y. 60.) It has delegated to municipal corporations the duty of maintaining them within their territorial bounds. (Village Law [Cons. Laws, ch. 64], § 141; *Matter of McCoy* v. *Apgar*, 241 N. Y. 71.) In performing the duty of maintaining streets and keeping them reasonably safe for public travel, municipal corporations act as the arm of the State performing a delegated function. (*Ghee* v. *Northern Union Gas Co.*, 158 N. Y. 510; *Matter of McCoy* v. *Apgar*, *supra*.) In performance of that duty they act in a *quasi* private or corporate capacity. (*Maxmilian* v. *Mayor*, 62 N. Y. 160; *Wilcox* v. *City of Rochester*, 190 N. Y. 137; *Missano* v. *Mayor*, 160 N. Y. 123.) Having undertaken to act, the law requires that they act with reasonable care and if they fail to act and their failure to act causes injury, or if they act in a negligent manner which results in an injury to an individual who is exercising reasonable care, they may be liable to the individual for such negligent injury. Illustrations of such liability arising from negligence are failure to exercise reasonable care in the maintenance of sidewalks, bridges and streets. (4 Dillon on Municipal Corporations [5th ed.], § 1717.) They may also be liable for injuries resulting from maintaining a nuisance in a street or expressly authorizing an individual to maintain such a nuisance, the grant of the express permit being held to be equivalent to the main-

taining of a nuisance. (*Landau* v. *City of New York*, 180 N. Y. 48; *Cohen* v. *Mayor*, 113 N. Y. 532.) Such liability grows out of and is the result of failure to exercise care, the duty to exercise which rests upon them by virtue of a statutory delegation of authority. Thus, the tort liability of municipal corporations for nuisance or for negligence in the care of streets is imposed either by the statute which creates the municipalities or is implied from the acceptance of their charters. There is no other liability resting upon municipal corporations for negligence or nuisance in the care of streets. They are creatures of statute and their liability arises out of the obligations and duties placed upon them by statute or implied from their acceptance of charters. Acting under their delegated authority as *quasi* private or corporate bodies, they must exercise reasonable care not to so act as to cause injury. (*Conrad* v. *Trustees of Ithaca*, 16 N. Y. 158; *Cain* v. *City of Syracuse*, 95 N. Y. 83.)

The defendant village, under the Village Law, had the duty of keeping the streets in question in a reasonably safe condition for public travel. For any negligent condition of those streets which caused injury to an individual it might under familiar principles be liable in an action for negligence. So it might be liable for any injury suffered because it maintained a nuisance in a street or permitted the maintenance of a nuisance therein. (*Cohen* v. *Mayor, supra,* granting a permit to store a wagon on the street; *Speir* v. *City of Brooklyn*, 139 N. Y. 6; *Landau* v. *City of New York, supra; Melker* v. *City of New York*, 190 N. Y. 481, permitting the display of fireworks in public streets.)

This action is not based upon any such principle of liability. Here a recovery is sought because the defendant passively acquiesced in the use of fireworks for a celebration of the Fourth of July by failing to prevent the park from being used for such purpose in the course

of which celebration the cannon exploded and injured the plaintiff Daisy Whittaker while on an adjoining street. There is a marked distinction between the duty of keeping a street itself reasonably safe because of its condition and keeping it reasonably safe because of failure to prevent conditions on adjoining property which may result in danger to persons using the street. (*Landau* v. *City of New York, supra.*)

In the first instance, the duty is *quasi* private or corporate in its nature. In the second is involved a public or governmental function. Public streets are held by the State in trust for the use of all. Their maintenance involves the performance of a public duty for the benefit of the public in general. (*Bradley* v. *Degnon Contracting Co., supra.*)

The maintenance of a small park by a village does not constitute the exercise of a governmental function. (*Augustine* v. *Town of Brant*, 249 N. Y. 198.)

While the Village Law permits villages to maintain parks, it does not by positive enactment require them to do so. If they do so it is in the exercise of their discretion, not by command of the State. The village in maintaining the park was not acting " in what may be called its private character, in the management of property or rights voluntarily held by it for its own immediate profit or advantage as a corporation, though inuring ultimately to the benefit of the public." (*Maxmilian* v. *Mayor of New York, supra*, p. 167.)

Nevertheless, it was acting in its *quasi* private or corporate capacity in maintaining the park. The distinction between this case and that of *Augustine* v. *Town of Brant* (*supra*) lies in the fact that here the village is not charged with any positive act of negligence, and while in maintaining the park it acted as in that case, in its *quasi* private or corporate capacity, it was not as was the fact in that case carrying on a private enterprise for profit.

In so far as the question of negligence is concerned, since no positive act of negligence is charged and the park was not being operated for profit, the rule laid down in *Markey* v. *County of Queens* (154 N. Y. 675, 687) is applicable. It was there said: " I do not think it is consonant with the reason of the rule of law, which concedes to the sovereign power in government an exemption from liability, that a private individual may have a right of action against those who have but exercised a lawful power which was vested in them by the legislative body for the public convenience and welfare and not for any private benefit of the corporate body." The only ground of liability asserted in this case is that the village failed to take affirmative action to prevent acts of third parties in the park which acts the jury has found rendered the village liable.

The exhibition of fire works in the park did not constitute a nuisance *per se* or a public nuisance. It was at most a nuisance in fact. (*Melker* v. *City of New York*, *supra.*)

Since the decision in the case of *Levy* v. *Mayor* (3 N. Y. Super. Ct. [1 Sandf.] 465) it has been consistently decided by the courts of this State that the failure of a municipal corporation to take affirmative action in a pure governmental matter imposes upon it no liability, as the failure to act constitutes a mere dereliction in the performance of a governmental function. (*Maxmilian* v. *Mayor, supra; Wilcox* v. *City of Rochester, supra.*)

In passing ordinances defining nuisances and providing for their suppression a municipal corporation exercises a usual municipal power and acts in a governmental capacity. (*City of Rochester* v. *Simpson*, 134 N. Y. 414.)

Under the facts in these cases, passive acquiescence in allowing a nuisance outside of a street which may cause injury to one using the street is not sufficient to impose liability upon a municipal corporation. (*Leonard* v. *City of Hornellsville*, 41 App. Div. 106; appeal dismissed,

166 N. Y. 590; 4 Dillon on Municipal Corporations [5th ed.], § 1703.)

To permit a recovery against municipal corporations for injury resulting from acts of third parties similar to those in the cases at bar, upon land outside of a street, which results in injury to one on a street, would constitute an unjustifiable extension of liability of municipal corporations. As stated by Judge SANDFORD in *Levy* v. *Mayor* (*supra*, p. 467): " The government does not guaranty its citizens against all the casualties incident to humanity or to civil society; and we believe it has never been called upon to make good, by way of damages, its inability to protect against such misfortunes." While the statement may not be entirely accurate as applied to certain other jurisdictions, we believe it is as applied to the law of this State.

Appellants contend, however, that in the maintenance and control of the park the village acted as an individual and not in a governmental capacity, and is liable because it suffered a nuisance to exist and failed to suppress it. Appellants invoke the principle announced in the case of *Hogle* v. *Franklin Mfg. Co.* (199 N. Y. 388), to the effect that an individual may be liable for damages caused by a nuisance maintained or suffered upon premises under his complete control even though such nuisance is created by third persons without his consent which results in injury to a person not on his property.

It is urged that as the defendant had the power to suppress the nuisance, it is liable for failure to exercise such power. That is only another way of saying that the village was under a duty to act as an individual would be required to act under like circumstances.

No such duty exists. It may be that a village has the power to suppress a nuisance even though there be no ordinance prohibiting the particular nuisance. We do not pass upon that question. In any event, the village in such a case would act at its peril. It is sufficient for

the purpose of this decision to hold that no duty existed on the part of the village to suppress the nuisance in question created by third parties outside of the street. In the *Hogle* case a duty rested upon the defendant not to permit its land to be used in a way that wrought injury to its adjoining neighbor.

The case of *Klepper* v. *Seymour House Corp.* (246 N. Y. 85) is not in conflict with the views here expressed. The city of Ogdensburg was held liable in that case because it had failed in its duty to keep a street reasonably safe. For years, after notice, it permitted a dangerous condition to exist which endangered people passing on the sidewalk. The jury found specifically that the physical situation there existing constituted a public nuisance.

In the case of *Greiner* v. *City of Syracuse* (228 App. Div. 566; affd., 256 N. Y. 688) the question here involved was not considered.

The judgment in each case should be affirmed, with costs.

POUND, Ch. J., LEHMAN, O'BRIEN and LOUGHRAN, JJ., concur; CRANE and CROUCH, JJ., dissent.

Judgments affirmed.