RICHFIELD OIL CORPORATION OF NEW YORK, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 23970.)

Court of Claims, July 28, 1936.

*Lourie & Rosman [I. B. Rosman* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General [James H. Glavin, Jr.,* and *Darwin W. Telesford, Assistant Attorneys-General,* of counsel], for the State of New York.

RYAN, J. In August and October, 1934, claimant sold the Palisades Interstate Park Commission for the use of the Emergency Work Bureau, 20,388 gallons of gasoline. In making payment the Commission deducted $203.88 and claimant sues for that sum. The sum represents a Federal tax of one cent per gallon under the Revenue Act of 1932, as amended, and the State claims exemption from this tax.

At the time of the transaction the Revenue Act of 1932, as amended (effective July 1, 1933), read as follows:

" Section 620. Tax-Free Sales.

" Under regulations prescribed by the Commissioner, with the approval of the Secretary, no tax under this title shall be imposed with respect to the sale of any article   *   *   *

" (3) for resale by the vendee to a State or political subdivision thereof for use in the exercise of an essential governmental function, if such article is in due course so resold." (See U. S. Code [1934 ed.], tit. 26, note, p. 1187, § 620.)

Regulation 44 of the United States Treasury Department, article 24, recited:

" The States and their political subdivisions exercise many functions not essentially governmental, such as   *   *   *

" B. supplying recreational facilities, such as parks and playgrounds."

Accordingly an exemption certificate supplied by the Park Commission to the claimant in compliance with the regulations was rejected by the auditor of the Treasury Department and the claimant paid the tax.

Section 620 of the Revenue Act has since been amended to· read as follows: " (3) for the exclusive use of the United States, any State, Territory of the United States, or any political subdivision of the foregoing, or the District of Columbia." (As amd. Aug. 30, 1935, chap. 829, § 401, 49 Stat. 1025, effective Oct. 1, 1935.)

Was the sale tax free under the Revenue Act as it then read ? Did the Commission rightfully deduct the amount of the tax?

We hold that the conduct of its parks by the State of New York is an essential governmental function. (See *Indian Motorcycle Co.* v. *United States*, 283 U. S. 570; *Panhandle Oil Co.* v. *Mississippi ex rel. Knox*, 277 id. 218.) Such an enterprise is very different from the sale of liquor. (*South Carolina* v. *United States*, 199 U. S. 437; *Ohio* v. *Helvering*, 292 id. 360.) The case of *Augustine* v. *Town of Brant* (249 N. Y. 198) does not hold to the contrary.

Claimant's remedy would seem to be elsewhere. The claim here must be dismissed.

BARRETT, J., concurs.