EDGAR HEMMINGWAY, Appellant, *v.* TOWN OF DANNEMORA, Respondent, et al., Defendants.

Third Department, May 9, 1945.

*F. Claude O'Connell* for appellant.

*Feinberg & Jerry* for respondent.

*Per Curiam.* Plaintiff sustained personal injuries in a collision between an automobile in which he was a passenger and a motor-vehicled snowplow equipment owned by defendant town and operated by defendant King, its employee appointed by its Town Superintendent of Highways. The accident occurred on March 21, 1940, while the town's equipment was at work upon a highway within the town. Plaintiff sued the operator and the town in negligence, grounding the latter's liability upon section 50-a of the General Municipal Law, and secured a verdict for his damages against both. This has been set aside and complaint dismissed by the Trial Term upon the ground that at the time of the accident neither the defendant town nor its Town Superintendent was engaged in the discharge of a " statutory duty " in that " Plank Road " where the accident occurred was a county road as to which neither had any statutory duty to discharge. We think plaintiff's proofs made out a prima facie case as to the town's liability and that such was not overcome by any sufficient competent evidence that the town was not in the discharge of a statutory duty at the time in question. The foundation of the town's proof in that regard was a county road map originally made February 19, 1925, and amended and adopted by the Clinton County Board of Supervisors March 13, 1929, and on which Plank Road appeared as a part of the county road system. There is no sufficient competent evidence of any subsequent official action which was effective to alter the legal character or status of said road. As of March 13, 1929, former sections 320, 320-a and 320-b of the Highway Law were in effect. They had variously to do with the improvement of town highways with financial aid by the county and the State. Section 320-a made provision for a " definite system of county roads " and the making of a map thereof, and as to all of the highways improved

under the provisions of said sections the duty of maintenance continued upon the town wherein they were located. (Highway Law, former § 320, as amd. by L. 1912, ch. 534; L. 1914, ch. 198; L. 1917, ch. 558; L. 1919, ch. 377; L. 1920, ch. 841; former § 320-a added by L. 1914, ch. 61, and amd. by L. 1915, ch. 556; L. 1916, ch. 458; L. 1917, ch. 231; L. 1918, ch. 321; L. 1920, ch. 871; L. 1923, ch. 426, § 7; ch. 430; L. 1926, ch. 249, § 9; L. 1927, ch. 452; L. 1928, ch. 167; L. 1929, ch. 362, § 16; former § 320-b, added by L. 1920, ch. 840, as amd. by L. 1922, ch. 162, and in effect to January 1, 1930, when a new § 320-b enacted by L. 1929, ch. 362, § 17, became effective.) Responsibility for the maintenance of highways improved with State and county aid under former section 320-b, was not cast upon the county until the repeal of that original enactment and its re-enactment and amendment by the Laws of 1929, chapter 362, section 17, effective January 1st of the following year. As to highways improved under former sections 320 and 320-a (now §§ 194 and 195 of the present Highway Law [L. 1936, ch. 63]) duty of maintenance continued and still rests upon the town " in the same manner as all other town highways ". (§ 194, subd. 9; § 195, subd. 8.) Thus there is no competent evidence sufficient to establish that on March 21, 1940, Plank Road had been duly incorporated into that system of improved highways within the county referred to in the substitutions for the original enactment of former section 320-b of the Highway Law, beginning with the said Laws of 1929, chapter 362, section 17, and as later amended and now re-enacted in article VI of the present Highway Law. Moreover, the work in which the town's equipment and employee were engaged at the time of the accident was such, and had been so arranged for with the sanction of the public authorities, as not to be wholly without the powers and jurisdiction of the defendant town and its Town Superintendent of Highways. (Highway Law, §§ 135, 140; subds. 2, 3, 4, 17; Town Law, § 32, subd. 1; § 64, subd. 23.) Even though, *strictissimi juris,* it may have been an *ultra vires* activity, the town should not for that reason be relieved from the consequences of its employee's negligence in discharging his duties within the scope of the employment so assigned to him. (*Augustine* v. *Town of Brant,* 249 N. Y. 198.) The order appealed from should be reversed and the verdict reinstated with costs and disbursements.

All concur.

Order appealed from reversed and the verdict reinstated, with costs and disbursements.