MARION CALDWELL, an Infant, by CYRIL C. CALDWELL, Her Guardian ad Litem, et al., Respondents, v. VILLAGE OF ISLAND PARK, Appellant.— There was no duty on the part of the village to suppress the nuisance in question created by third parties in the village park. Passive acquiescence in allowing the nuisance is not sufficient to impose liability on a municipal corporation. (*Whittaker* v.

*Village of Franklinville,* 265 N. Y. 11.)  Carswell, Acting P. J., Johnston and MacCrate, JJ., concur; Wenzel, J., dissents and votes to affirm, with the following memorandum:  Maintenance of a park or beach area by a municipality is a quasi-private or corporate function whether an admission fee is charged (*Augustine* v. *Town of Brant,* 249 N. Y. 198) or not (*Whittaker* v. *Village of Franklinville,* 265 N. Y. 11).  Where a fee is charged, the enterprise must be considered as one conducted for profit, in which case the municipality is not immune from liability for negligence in failing to provide protection **for patrons** (*Augustine* v. *Town of Brant, supra*).  In the *Whittaker* case (*supra*), the park was not maintained for profit, and that distinction was there made.  Here, entrance to the area from 9:00 A.M. to 6:00 P.M. could be had only upon payment of a fee, and from 6:00 P.M. to 11 P.M. without charge.  The accident occurred at about 8:45 P.M., but the time factor has no determinative consequence.  The liability or nonliability of the municipality is constant, depending on whether the subject area is operated for profit.  The duty owed to a patron who entered the area upon payment of a fee did not change after 6:00 P.M.; nor was it different as to one who paid the fee or as to one who entered after 6:00 P.M. without payment.  Adel, J., concurs with Wenzel, J.  [See 280 App. Div. 896.]