Clare J. Hoyt, J.
Defendant New Rochelle Humane Society, Inc., moves for summary judgment under rule 113 of the Rules of Civil Practice and for judgment, on the pleadings under’ section 476 of the Civil Practice Act dismissing so much of plaintiff’s complaint as asserts causes of action against it and dismissing’ the cross claim interposed against it by defendants the School District of the. City of. New Rochelle and the. Board of Education of the School District of New Rochelle. The causes of action referred to- are numbered seventeenth through twenty-second inclusive'.. The: complaint alleges- that on January 26, 1961, the infant plaintiff while walking across, certain school grounds and an adjacent public recreation area was attacked by one or more unleashed and unmuzzled dogs and severely injured. The causes of action numbered seventeenth, nineteenth and twenty-first- are alleged in behalf of the. infant plaintiff to. recover damages- for personal injuries. The causes of action numbered eighteenth, twentieth and twenty-second are derivative causes, of action of the; infant’s father to recover damages for medical expenses and loss of services-. The seventeenth cause of action alleges negligence on the part of the Humane Society for its: failure- to impound and capture unmuzzled dogs and to provide adequate facilities for the capture and shelter of unmuzzled and unleashed dogs. The nineteenth cause of action *947 is based upon a breach of contract. It is alleged that the Humane Society and the City of New Rochelle entered into a contract whereby the Society undertook to capture and impound all dogs running at large in the City of New Rochelle and to provide shelter for such animals. It is further alleged that this contract was entered into by the city on behalf of all the residents of the city, including the infant plaintiff. The Humane Society is charged with breach of the contract for failing to capture and impound stray dogs and by reason of such breach it is alleged that the infant plaintiff sustained the injuries complained of. The twenty-first cause of action is based upon a theory of fraud. Plaintiffs reallege the making of the contract and further allege that the Humane Society at the time of making such contract falsely represented to the city that it possessed adequate facilities and sufficient personnel to capture and impound stray dogs and to shelter them, that the city relied on such false representations and as a result of such reliance the infant plaintiff sustained injury.
The complaint, insofar as it attempted to assert causes of action against the City of New Rochelle, has been dismissed for insufficiency (see 39 Misc 2d 720, affd. 19 A D 2d 751). Special Term held there could be no liability on the part of the City of New Rochelle to the plaintiffs, that the city was exercising a governmental function in controlling stray animals. The court wrote (p. 722) “ the rule is that when a municipality acts in its governmental capacity for the protection of the general public it cannot be cast in damages for a mere failure to furnish effective protection to a particular individual to whom it has assumed no special duty.” In referring to the contract between the city and the Humane Society, the court, assuming for the purpose of the motion that the latter’s facilities were inadequate and that the city was aware of such fact, held that the complaint failed to allege any affirmative act on the part of the city which caused the injury or any action by the city which would give rise to a duty toward the infant plaintiff as distinguished from the city’s obligation to protect the general public.
It is now the law of the case that the city owed no special duty to the infant plaintiff to protect her from attack by dogs. This is in accord with the decisions since Levy v. Mayor (1 Sandf. 465) which held that “ the failure of a municipal corporation to take affirmative action in a pure governmental matter imposes upon it no liability, as the failure to act constitutes a mere dereliction in the performance of a governmental function.” (Whittaker v. Village of Franklinville, 265 N. Y. 11, 17.)
*948 The issue presented here is whether the Humane Society owed any greater duty to the infant plaintiff than did the city. The court thinks not.
In Moch Co. v. Rensselaer Water Co. (247 N. Y. 160, 164) the court held that a member of the public could not maintain an action against one contracting with the city to furnish water at hydrants unless an intention appeared that the promissor was to be answerable to individual members of the public as well as to the city for any loss ensuing from the failure to fulfill the promise. Nothing contained in the contract between the city and the Humane Society, dated February 11, 1954 and the subsequent renewals thereof, indicates an intention on the part of the Humane Society to be answerable to the general public in its own behalf or in behalf of the city.
Nonfeasance or failure to perform a contract does not render the promissor liable in negligence to a so-called third-party beneficiary under the contract (see Rosenbaum v. Branster Realty Corp., 276 App. Div. 167; Coppola v. City of New York, 17 A D 2d 649). As was said in the Moch case (supra, p. 169): “ The failure * * * to furnish an adequate supply of water is at most the denial of a benefit. It is not the commission of a wrong.” Thus, the Humane Society owed no duty to the infant plaintiff to capture and impound unmuzzled and unleashed dogs. Liability might be asserted against the Humane Society if its agents acted negligently in handling or muzzling a dog resulting in its escape and subsequent attack. There is no such allegation or proof here. In the case of Wroblewski v. Otis Elevator Co. (9 A D 2d 294, 296), relied upon by plaintiff, the court distinguished between failure to perform a contract and the negligent performance thereof.
It thus appears from the contract between the city and the moving defendant that no triable issue exists and that summary judgment in favor of the moving defendant, New Rochelle Humane Society, Inc., should be granted dismissing the seventeenth through the twenty-second causes of action. With the dismissal of the complaint as to this defendant, the cross claim of defendants the School District of the City of New Rochelle and the Board of Education of the School District of New Rochelle against defendant New Rochelle Humane Society, Inc., is also dismissed.