Van Voorhis, J. (dissenting).
We are at a loss to understand how a statute can he unconstitutional which makes it unlawful to incumber or obstruct the streets of a city ‘ ‘ with any article or thing whatsoever.” In this instance defendant-appellant assumed the right to set up and maintain for an indefinite time a three by three-foot table on the public sidewalk near the corner of Roosevelt Avenue and Main Street in the Borough of Queens. Pinned to the table was a sign which read: ‘‘ Stop the War in Viet Nam.”
The maintenance of this physical obstruction to the full use of the sidewalk is not rendered illegal for the reason that it displays a placard urging a national policy contrary to a war in which the country is involved, but neither does exhibiting this display sign make lawful an obstruction of the sidewalk which would otherwise be illegal. The occupation of a portion of a highway by an individual is “ a mere obstruction and nuisance for which no lapse of time would enable him to prescribe ” and “ No acquiescence on their part [the highway officials] in any act of the plaintiff could deprive the public of the right to use the whole highway, or in any degree lessen the duty of the defendants to remove obstructions, when that removal was necessary ” (Driggs v. Phillips, 103 N. Y. 77, 82-83). Numerous other decisions are to the same effect (St. Vincent Female Orphan Asylum v. City of Troy, 76 N. Y. 108; Bliss v. Johnson, 94 N. Y. 235; Mangam v. Village of Sing Sing, 26 App. Div. 464, affd. on opn. below 164 N. Y. 560.)
The Legislature, by virtue of its general control over public streets and highways, has power to authorize structures in the streets for the convenience of business, which, without such authority and under the common law, would be held to be encroachments and obstructions. This power it may delegate to the governing body in a municipal corporation (Hoey v. Gilroy, 129 N. Y. 132). A similar power may, of course, be exercised by local law in the case of municipalities. This power is frequently exercised in the case of permitting awnings over sidewalks in front of business establishments, use of the sidewalk or street for building materials or temporary structures in the erection and demolition of buildings, fruit stands, newsstands, unloading trucks on the street for the purpose of remov *137 ing their contents to adjacent stores or warehouses and the like. Power to issue licenses for such uses may be and usually is delegated to city officials (Matter of McCoy v. Apgar, 241 N. Y. 71). In the absence of such a revocable permit, however, an obstruction of the public street or sidewalk constitutes a public nuisance (Matter of Green v. Miller, 249 N. Y. 88, 93).
The licensing power is adapted to situations of this character since it enables temporary private use' of streets in methods sanctioned by long-continued usage, from which the public ultimately benefits, but without sanctioning uses of this character which may seriously interfere with street purposes. It may well be that if this defendant had applied for a sidewalk permit it would have been granted. If it were refused arbitrarily, its denial could have been reviewed in an article 78 proceeding. The point is that defendant applied for no license, claiming that he is entitled to this occupation of the sidewalk as matter of right. It is true that he blocked the use of only part of the sidewalk, which may or may not have caused inconvenience to passersby. The question before us is not whether this particular obstruction, for such it was, was serious, but whether the public authorities have any power or control over such situations. In this day of sit-ins and defiance of public and private rights to the use of streets and other public or semi-public places, it is particularly important that the power of the municipal authorities should be upheld to regulate private uses of streets and not be set at naught.
It is no defense to say that police officers sometimes enforce the law regulating obstructions of streets and sometimes allow the law to go unenforced. Unless lack of enforcement is virtually total, omission to enforce in one instance does not bar enforcement in another (People ex rel. Fordham Manor Ref. Church v. Walsh, 244 N. Y. 280).
There is nothing ambiguous in the language of this statute, which has no resemblance to the statutes involved in Thornhill v. Alabama (310 U. S. 88, 97-98); Cox v. Louisiana (379 U. S. 536) or the ordinance in Saia v. New York (334 U. S. 558, 562).
For the reasons stated the determination of the Appellate Term which affirmed a judgment of conviction by the Criminal *138 Court of the City of New York, Queens County, should be affirmed.
Chief Judge Fuld and Judges Burke, Bergan and Breitel concur with Judge Keating ; Judge Van Voorhis dissents and votes to affirm in an opinion in which Judge Scileppi concurs.
Judgment reversed, etc.